ALEXANDER B. CVITAN (SBN 81746),
Email: alc@rac-law.com
NATALIA BAUTISTA (SBN 245669), and
Email: nataliab@rac-law.com
MICHAEL BARTH (SBN 329507)
Email: michaelb@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
330 N. Brand Boulevard, Suite 250, Glendale, California 91203
Telephone:  (213) 386-3860; Facsimile:  (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds
For Southern California Administrative Company, LLC

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AMPCO NORTH, INC., a California corporation; ANDREW PENNOR, an individual; LINDA VITTA, an individual; and UNITED SURETY INSURANCE COMPANY, a Massachusetts corporation,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1. MONETARY DAMAGES DUE TO EMPLOYEE BENEFIT PLANS PURSUANT TO COLLECTIVE BARGAINING AND PLAN TRUST AGREEMENTS;<br><br>2. BREACH OF FIDUCIARY DUTY;<br><br>3. INJUNCTIVE RELIEF COMPELLING SUBMISSION OF FRINGE BENEFIT CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS;<br><br>4. FOR RECOVERY AGAINST LICENSE BOND<br><br>[29 U.S.C. §§ 185, 1109, 1132(g)(1), 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185; 28 U.S.C. § 1367(a); Cal. Bus. & Prof. Code §§ 7071.10, 7071.11, Cal. Civil Code §§ 8024] |

Plaintiff alleges as follows:

-1-

**JURISDICTION AND VENUE**

1.     This action is brought by a fiduciary administrator on behalf of employee benefit plans against employers in accordance with the terms and conditions of the plans, collective bargaining agreements to which the employers are bound and applicable statutes to: (a) recover unpaid monthly employee fringe benefit contributions and related damages due to the plans by the employers ("Claim 1"); (b) recover damages caused by the employer's breach of fiduciary duty ("Claim 2"), (c) compel the employer to comply with a complete audit of its records in accordance with the Agreements and 29 U.S.C. §§ 1059 and 1145 ("Claim 3"); (d) enforce a claim against the employer's license bond surety pursuant to State Law ("Claim 4").

2.     This Court has jurisdiction of the first three claims pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).  This Court has supplemental jurisdiction over Claim 4 pursuant to 28 U.S.C. § 1367(a) as all claims arise from a common core of transactions, and seek payment of overlapping damages. Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employers' performance and breach took place in this district; and the employer resides or may be found in this district.

**PARTIES**

3.     Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("Plaintiff" and/or "CLTF") is a Delaware limited liability company, with its principal place of business in this District.  CLTF is the administrator and agent for collection of several employee

-2-

564235.7

benefit plans, and a fiduciary as to those plans, including the Laborers Health and

Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for

Southern California; Construction Laborers' Vacation, Holiday and Sick Pay Trust Fund

for Southern California; Laborers Training and Re-Training Trust Fund for Southern

California;  Center for Contract Compliance; Laborers Annuity Plan for Southern

California; Fund for Construction Industry Advancement; Southern California

Environmental Contractors Association Contract Administration/Industry Promotion

Trust Fund; Contract Administration Trust Fund for Southern California; Laborers'

Trusts Administrative Trust Fund for Southern California; San Diego County

Construction Laborers Pension Trust Fund; and San Diego Construction Advancement

Fund 2003 (collectively "TRUST FUNDS").  Each are express trusts and were created

by written agreements and are employee benefit plans within the meaning of ERISA §

3(3), 29 U.S.C. § 1002(3) and multi-employer plans within the meaning of ERISA §

3(37)(A), 29 U.S.C. § 1002(37)(A).  The TRUST FUNDS are jointly-managed trusts in

accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to

collective bargaining agreements between the Southern California District Council of

Laborers and its Affiliated Locals, ("UNION") and various employers.  The TRUST

FUNDS are administered in the County of Los Angeles, State of California.  Plaintiff

brings this action as a fiduciary on behalf of the TRUST FUNDS.

     4.     CLTF is a fiduciary as to the TRUST FUNDS, in that it:

     a.     Exercises discretionary authority or discretionary control respecting

the collection of delinquent (or possibly delinquent) contributions to the TRUST

FUNDS, including but not limited to discretion in auditing employers, deciding

what claims to assert, acting as agent of the TRUST FUNDS in asserting claims,

waiving liquidated damages, settling claims, and releasing claims; and

564235.7

b.      Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

5.      Plaintiff is informed and believes and thereon alleges that Defendant, AMPCO NORTH, INC. ("EMPLOYER"), is a corporation organized and existing under and by virtue of the laws of the State of California and is and/or was engaged in business in the State of California with its principal place of business in the City of Rancho Santa Margarita, County of Orange, State of California and does, or at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

6.      CLTF is informed and believes, and on that basis alleges that defendant, ANDREW PENNOR, ("PENNOR") is an individual who is engaged in business in the City of Rancho Santa Margarita, State of California, who resides in the County of Orange, State of California, and who was and still is the Chief Executive Officer of EMPLOYER, Chief Financial Officer of EMPLOYER, a Director of EMPLOYER, a shareholder of EMPLOYER and beneficial owner of EMPLOYER.

7.      CLTF is informed and believes, and on that basis alleges that defendant, LINDA VITTA ("VITTA") is an individual who is engaged in business in the City of Rancho Santa Margarita, State of California, who resides in the County of Orange, State of California, and who was and still is a corporate Secretary of EMPLOYER.

8.      Plaintiff is informed and believes and thereupon alleges that Defendant, UNITED SURETY INSURANCE COMPANY is a Massachusetts corporation, ("UNITED SURETY"), licensed and authorized to perform and transact a surety business in the State of California, with its principal place of business in the City of Newton, Massachusetts.

-4-

564235.7

**OTHERS**

9.     The Southern California District Council of Laborers and its affiliated Local Unions (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce.  The UNION is not a party to this action.

**INDIVIDUAL DEFENDANTS**

10.     Plaintiff is informed and believes and thereon alleges that PENNOR acted on behalf of and in the interest of EMPLOYER in all aspects of labor relations and in their dealings and relations with the TRUST FUNDS, the UNION, with employees, and its EMPLOYER's assignment of work.

11.     Plaintiff is informed and believes and thereon alleges that, at all times herein, VITTA acted as the accountant/bookkeeper for EMPLOYER, maintained EMPLOYER's books and records, was in charge of completing payroll for EMPLOYER's employees, determined the employees which EMPLOYER would report to the TRUST FUNDS, and determined the number of hours upon which contributions would be reported to the TRUST FUNDS and when payments would be issued to the TRUST FUNDS.

12.     Plaintiff is informed and believes and thereon alleges that PENNOR and VITTA are responsible for running the day-to-day operations of the EMPLOYER and are responsible for decisions pertaining to the management and operation of EMPLOYER, including the financial business decisions relating to EMPLOYER, and that they were and/or are responsible for decisions pertaining to the reporting and payment of contributions to the TRUST FUNDS, and that they personally maintained control of those funds which should have been turned over to the TRUST FUNDS

13.     Plaintiff is informed and believes and thereon alleges that at all times material herein, that PENNOR and VITTA were and/or continue to be fiduciaries

564235.7

1   and/or parties in interest to the TRUST FUNDS as defined in 29 U.S.C. §§ 1002(14),

2   and 1002(21)(A), for the reasons more fully described in the Second Claim for Relief.

3

4                                         **AGREEMENTS**

5

6          14.    At all times mentioned, EMPLOYER was and continues to be signatory to

7   written Collective Bargaining Agreements with the UNION, including, having executed

8   a Laborers' Short Form Agreement for the Construction Industry on or about November

9   9, 2016 ("Laborers Short Form Agreement") and a Construction Environmental

10  Laborers' Short-Form Agreement ("Asbestos Short Form Agreement") on or about July

11  29, 2022 with the UNION.

12         15.    On or about October 29, 2021, EMPLOYER became an eligible member

13  of the United Contractors and Engineering Contractors' Association ("UCON") and by

14  virtue of that membership became obligated and bound to the Master Labor Agreement

15  between UCON and the UNION ("UCON MLA").

16         16.    Pursuant the Laborers Short Form Agreement, EMPLOYER became

17  bound to the UNION's Construction Master Labor Agreements ("MLAs") covering the

18  Southern California Counties including San Diego County. Pursuant to Asbestos Short

19  Form Agreement, EMPLOYER became bound the UNION's Master Laborers'

20  Asbestos Agreement ("Asbestos MLA"). The Laborers Short Form Agreement,

21  Asbestos Short Form Agreement, the MLAs, the Asbestos MLA, and the UCON MLA

22  will hereinafter be collectively referred to as "Labor Agreements".

23         17.    Pursuant to the Labor Agreements, Employer became obligated and bound

24  to all the terms and conditions of each of the various Trust Agreements which created

25  each of the constituent TRUST FUNDS as they may be constituted in their original

26  form or as they may be subsequently amended.  The Labor Agreements and Trust

27  Agreements will collectively be hereinafter referred to as the "Agreements".

28         18.    The Agreements obligate employers, including EMPLOYER to pay fringe

                                              -6-

564235.7

benefit contributions at the rates set forth in the Agreements for each hour worked (or

paid for) by employees performing services covered by the Agreements ("Monthly

Contributions").  The employers, including EMPLOYER are additionally required to

submit reports on a monthly basis ("Monthly Reports") with these Monthly

Contributions, detailing the name, address, social security number and hours worked

that month for each employee covered by the Agreements and those Monthly Reports

are required to be submitted even where there are no employees to report for the

reporting period.  The TRUST FUNDS depend on the truth and accuracy of this

information, in order to not only determine the correct amount of Monthly

Contributions due, but to fulfill their own fiduciary duties to properly credit participants

towards the benefits provided by the TRUST FUNDS.  Those Monthly Contributions

constitute assets of the TRUST FUNDS, pursuant to the terms of the Agreements and

applicable law, from the time they are due and can be reasonably segregated from other

funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those

assets so that they may be applied for the benefit of the participants and beneficiaries in

accordance with the various Trust Agreements.

    19.    By the Agreements and pursuant to 29 U.S.C. § 1132(g)(2)(C),

EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages

for detriment caused by the failure of EMPLOYER to pay fringe benefit Monthly

Contributions in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the

unpaid Monthly Contributions and/or interest on the unpaid Monthly Contributions at

rates established pursuant to the Agreements from their respective due dates, whichever

is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is

required to contribute.

    20.    By the Agreements and pursuant to 29 U.S.C. § 1132(g)(2)(B),

EMPLOYER is obligated for payment of interest on delinquent Monthly Contributions

from the due date of the contribution through the payment date of the contribution, at

the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board

564235.7

1    at San Francisco, California, effective on the date each contribution is due.  The current

2    plan rate of interest on the Monthly Contributions is 9.50% per annum.

3         21.    The Agreements obligate employers, including EMPLOYER, and any of

4    its subcontractors or lower-tiered subcontractors, to subcontract work covered under the

5    MLAs to those subcontractors who are parties to Collective Bargaining Agreements

6    with the UNION, and failure to do so will result in damages to the TRUST FUNDS and

7    EMPLOYER will be financially obligated to the TRUST FUNDS for the damages

8    caused therefrom, including amounts measured by the fringe benefit contributions,

9    liquidated damages, and interest that would be owed by the subcontractor if signatory to

10   the MLAs ("Subcontracting Violations").

11        22.    The Agreements further provide that if employers, including EMPLOYER

12   subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors,

13   subcontracts work covered under the Agreements to any subcontractor who is

14   delinquent in its obligations to the TRUST FUNDS under its Collective Bargaining

15   Agreements with the UNION, then EMPLOYER will be financially obligated to the

16   TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any

17   fringe benefits, liquidated damages and interest owed ("Delinquent Subcontractor

18   Violations").  The Subcontracting Violations, described in paragraph 21 above, and

19   Delinquent Subcontractor Violations, will hereinafter be referred to as "Sub

20   Violations".

21        23.    The Agreements provide the TRUST FUNDS with specific authority to

22   examine and copy all of EMPLOYER's payroll and business records which may be

23   pertinent to determining whether (1) EMPLOYER has reported all hours worked (or

24   paid for) by employees who perform services covered under the Agreements, (2) has

25   abided by the provisions of the Agreements pertaining to the TRUST FUND

26   obligations, including but not limited to the subcontracting provisions of the

27   Agreements; (3) has paid the appropriate Monthly Contributions to the TRUST

28   FUNDS, and EMPLOYER shall be responsible for the costs of such audit.

564235.7

# FIRST CLAIM FOR RELIEF

## CONTRIBUTIONS OWED TO THE TRUST FUNDS

## (AGAINST EMPLOYER)

## [29 U.S.C. §§ 185 and 1145]

24.    Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 above.

25.    Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed employees who performed services covered by the Agreements and failed to pay the rates specified in the Agreements to the TRUST FUNDS on behalf of those employees for each hour worked (or paid for) by the employees performing services covered by the Agreements.  The amounts claimed to be owed on behalf of the employees was discovered until the TRUST FUNDS processed the Monthly Reports submitted by EMPLOYER and/or when the audits of EMPLOYER's records were completed for billing.

26.    Due to EMPLOYER's continuing obligation to submit Monthly Reports, and its failure to produce all records necessary to conclude the audit of its records, additional amounts may be discovered and become due and owing by EMPLOYER which cannot be ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

27.    As a result of EMPLOYER's failure to pay the rates specified in the Agreements,  Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during time periods from June 2020 to December 2023, damages in the principal sum of at least $351,115.53 consisting of $121,135.46 in Monthly Contributions, $227,819.07 in liquidated damages,  $2,160.00 in audit fees, plus $41,297.62 in interest on the unpaid amounts owed calculated to March 12, 2025 which continues to accrue thereafter at the variable plan rate(s), currently 9.50% per annum, until payment of the Monthly Contributions

564235.7

are paid, less a potential credit of $2,705.29. The amounts disclosed in the initial audit by Plaintiff were not discovered until EMPLOYER produced sufficient records to allow the audit to be partially concluded into audit findings in January 2024. Additional amounts may be discovered as due and owing by EMPLOYER, and said amounts, including Monthly Contributions, Sub Violations, liquidated damages, audit fees, returned check fees, and interest on the additional amounts owed at the plan rate(s) will be subject to proof at the time of trial or other hearing.

28. The failure of the EMPLOYER to pay Monthly Contributions when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify. This may include the cost of collecting the Monthly Contributions from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late Monthly Contributions, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay Monthly Contributions. The liquidated damages provision of the Agreements was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees. The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages. In this case, they have exercised their discretion by declining to waive any liquidated damages.

29. It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the Agreements which provide that in the event litigation is necessary with respect to any of the fringe benefit Monthly Contributions and to compel the completion of audits, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

30. Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of the delinquent amounts owed but also (a)

-10-

564235.7

1    for pre-judgment and post-judgment interest on the delinquent sums (as provided for in

2    Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as

3    provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief

4    permitted by Section 502(g) of ERISA.

5

6                                **SECOND CLAIM FOR RELIEF**

7                         **[DAMAGES FOR BREACH OF FIDUCIARY DUTIES**

8                                  **IN VIOLATION OF ERISA]**

9                         **(AGAINST EMPLOYER, PENNOR, AND VITTA)**

10

11          31.    Plaintiff repeats and realleges and incorporates herein by reference each

12    and every allegation contained in paragraphs 1 through 30 above.

13          32.    Plaintiff is informed and believes and thereon alleges that PENNOR and

14    VITTA were, and still are, parties in interest, the agents, managing officers of

15    EMPLOYER with the authority to direct, control and/or manage the business affairs of

16    EMPLOYER including the disposition of EMPLOYER's assets.

17          33.    Plaintiff is informed and believes and thereon allege that EMPLOYER,

18    PENNOR and VITTA were and still are fiduciaries with respect to the TRUST FUNDS

19    within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that they

20    exercised discretionary authority or control respecting management or disposition of

21    assets of the TRUST FUNDS.

22          34.    The AGREEMENTS require that EMPLOYER deduct monthly Vacation

23    Contributions ("Vacation") due to the CONSTRUCTION LABORERS' VACATION,

24    HOLIDAY AND SICK PAY TRUST FUND FOR SOUTHERN CALIFORNIA

25    ("Vacation Fund") from EMPLOYER's employees' weekly paychecks, in the amounts

26    specified.  Such deductions are "amounts that a participant has withheld from his wages

27    by an employer, for contribution" to the TRUST FUNDS, which thus become assets of

28    the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest

                                          -11-

564235.7

1  date on which such contributions . . . can reasonably be segregated from the employer's

2  general assets."

3        35.  On "public works" as defined by California Labor Code § 1720, the

4  EMPLOYER was required to pay a minimum "prevailing" or "per diem" wage,

5  including amounts which could either be paid directly on the weekly paycheck to

6  employees, or contributed as "employer payments" (as defined in Labor Code

7  § 1773.1) which includes payments to the TRUST FUNDS.  The EMPLOYER

8  employed workers on such public works covered by the AGREEMENTS, and Plaintiff

9  is informed and thereupon believes that EMPLOYER's certified payroll records on the

10  public works projects (pursuant to Labor Code § 1776) certified the amounts being paid

11  and withheld from the employees' required prevailing wage, of which the benefit

12  portion was required to be contributed to the TRUST FUNDS in satisfaction of the

13  prevailing wage required law.  The U.S. Department of Labor has taken the position

14  that such amounts are "amounts that a participant has withheld from his wages by an

15  employer, for contribution" to the TRUST FUNDS, which become assets of the TRUST

16  FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which

17  such contributions . . . can reasonably be segregated from the employer's general

18  assets."

19        36.  Plaintiff is informed and believes that, instead of turning over the portions

20  of the Vacation Contributions and prevailing wage for contributions payable to the

21  TRUST FUNDS, EMPLOYER through PENNOR and/or VITTA withheld from the

22  employees' weekly paychecks the contributions earmarked for payment to the TRUST

23  FUNDS, that the EMPLOYER and/or PENNOR and/or VITTA kept those amounts for

24  their own use, and did not segregate or turn them over to the TRUST FUNDS.

25        37.  Plaintiff is informed and believes that PENNOR and/or VITTA are the

26  managing officers and employees responsible for having the certified payroll records

27  prepared, issuing the certified payroll reports to public agencies under Labor Code §

28  1776, and is responsible to have the certified payroll records certified that such amounts

-12-

564235.7

1  would be paid to the employees for wages and the benefit portion of those wages to the

2  TRUST FUNDS as part of the prevailing wage obligation.  Plaintiff is further informed

3  and believes that PENNOR and/or VITTA had discretionary authority or control over

4  sufficient, segregable funds to pay the amounts certified under penalty of perjury, that

5  would be withheld from employees' weekly wages for contribution to the TRUST

6  FUNDS in order to meet prevailing wage obligations, including the authority to write

7  checks on the accounts in which such funds were held, but instead kept them for their

8  own use, or for the use of the EMPLOYER.

9       38.    By their discretionary authority or control over the management or

10  disposition of assets of the TRUST FUNDS, specifically to Vacation benefits as well as

11  the fringe benefit component of prevailing wages on public works, described above,

12  EMPLOYER, PENNOR, and VITTA are fiduciaries of the TRUST FUNDS within the

13  meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

14       39.    The amount of the delinquent Monthly Contributions, including Vacation

15  Contributions referenced herein above were and still are due and owing to the TRUST

16  FUNDS and are assets of the TRUST FUNDS within the meaning 29 U.S.C. §§ 1001-

17  1003, 1021-1031, 1111-1114 and 18 U.S.C. § 664.  The amounts are included in the

18  damages claimed in the First Claim for Relief, and the amounts and will be proven at

19  the time of trial or other hearing, plus interest at the plan rate(s), including any

20  additional amounts that may be discovered to be owed by EMPLOYER, PENNOR,

21  and/or VITTA.

22       40.    By failing to timely account for and turn over the assets of the TRUST

23  FUNDS described above, by failing to apply such assets for the exclusive benefit of

24  participants and beneficiaries of the TRUST FUNDS, and instead using those assets for

25  their own benefit, EMPLOYER, PENNOR, and/or VITTA breached their fiduciary

26  duties to the TRUST FUNDS within the meaning of sections 404(a)(1)(A), (B) and (D),

27  of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

28       41.    Plaintiff is informed and believes and thereon alleges that the acts and

-13-

564235.7

omissions to act by EMPLOYER and PENNOR and VITTA constitute misuse, misappropriation and/or conversion from employee benefit plans within the meaning of 18 U.S.C. § 664 and breach of their fiduciary obligations within the meaning of 29 U.S.C. § 1104 through § 1106.

42.    Pursuant to § 409 of ERISA, 29 U.S.C. § 1109, EMPLOYER and PENNOR and VITTA are personally liable for damages to the TRUST FUNDS, and to make good to the TRUST FUNDS any losses to them resulting from each such breach of their fiduciary duties, and to restore to the TRUST FUNDS any profits which have been made through their use of these assets of the TRUST FUNDS.  Plaintiff seeks an accounting from EMPLOYER and PENNOR and VITTA of the amount and disposition of these assets.

43.    Plaintiff requests that it be awarded its costs and reasonable attorney's fees pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and such other remedies as may be available pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## THIRD CLAIM FOR RELIEF

### For Injunctive Relief Compelling Submission of
### Fringe Benefit Contributions to Employee Benefit Plans
### [29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E)]

44.    CLTF repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43 above as if fully set forth here.

45.    The EMPLOYER has repeatedly failed to submit Monthly Reports with payments on a timely basis since May 2022 and the partial audit of EMPLOYER's records has disclosed substantial reporting violations during time periods from June 2020 to December 2023 and EMPLOYER's failure to remit payment of all Monthly Contributions due on behalf of its covered workers.  Further, the TRUST FUNDS have

-14-

564235.7

1    not completed their review of all records necessary to complete the audit.

2         46.    By reason of the EMPLOYER's failure to comply with its Monthly

3    Reporting and Monthly Contribution obligations, the TRUST FUNDS, its participants

4    and/or its beneficiaries have suffered and will continue to suffer hardship and actual and

5    impending irreparable injury and damage for at least the following reasons. First, the

6    TRUST FUNDS must provide credit each month to participants and beneficiaries,

7    including the EMPLOYER's employees, toward eligibility for fringe benefits (such as

8    health insurance and pensions) based on the number of hours they worked, which is

9    determined from Monthly Reports. Second, the amount of benefits payable to all

10   participants and beneficiaries for health insurance and pension claims, including those

11   employed by the EMPLOYER, is actuarially determined on the basis of funds projected

12   to be received from contributing employers (including the EMPLOYER). Third, health

13   insurance is not provided to participants and beneficiaries, including the EMPLOYER's

14   employees, after a certain period of non-payment of Monthly Contributions on their

15   behalf. Fourth, vacation pay, which is distributed by the VACATION FUND (one of

16   the TRUST FUNDS), is not paid to employees, including the EMPLOYER's

17   employees, for hours of work for which their employer has not submitted Monthly

18   Contributions. Fifth, the TRUST FUNDS have a legal obligation to take steps to collect

19   amounts due by delinquent employers and thus the EMPLOYER's ongoing delinquency

20   results in an ongoing drain on TRUST FUNDS resources. And, in addition, the failure

21   of the EMPLOYER to itemize his work by project undermines the TRUST FUNDS'

22   ability to take steps to collect delinquent amounts through asserting project-specific

23   claims, such as payment bond claims, stop payment notices, and mechanics' liens.

24   Sixth, the TRUST FUNDS lose investment income on late-paid and unpaid Monthly

25   Contributions.

26         47.    The TRUST FUNDS have no adequate or speedy remedy at law. They

27   therefore request that this Court exercise its authority under ERISA sections 502(a)(3)

28   and (g)(2)(E), 29 U.S.C. §§ 1132(a)(3) and (g)(2)(E), to issue preliminary and

-15-

564235.7

1    permanent injunctive relief ordering the EMPLOYER to comply with his obligations

2    under the Agreements and ERISA section 515, 29 U.S.C. § 1145, to fully disclose his

3    employees' Covered Work on his Monthly Reports, itemized by project, and timely

4    submit them each month with full payment of the Monthly Contributions due.

5        48.    An award of attorneys' fees and costs is provided for by Agreements and

6    under ERISA sections 502(g)(1) and/or (g)(2), 29 U.S.C. § 1132(g)(1) and/or (g)(2).

7

8                        **FOURTH CLAIM FOR RELIEF**

9                   **(Against UNITED SURETY for Monetary Damages**

10                  **Through Enforcement of License Bond)**

11

12       49.    Plaintiff repeats, realleges and incorporates by reference each and every

13    allegation contained in paragraphs 1 through 30 above as if fully set forth herein.

14       50.    Pursuant to various provisions of the California Business and Professions

15    Code, including Business and Professions Code § 7071.5, EMPLOYER obtained from

16    Defendant, UNITED SURETY, bond number UCSX372X2241 ("LICENSE BOND")

17    and filed the LICENSE BOND with the Registrar of the California State Contractors

18    License Board in the penal sum as required by statute and in favor of the State of

19    California.

20       51.    TRUST FUNDS, as assignee of the various laborers' claims for recovery of

21    the benefit portion of their wages, falls within the class or classes of claimants as set

22    forth in California Business and Professions Code §§ 7071.5, 7071.11 and Civil Code §

23    8024(b), and is a beneficiary of the LICENSE BOND.

24       52.    The TRUST FUNDS are "Laborers" under California Civil Code ("Civil

25    Code") § 8024(b). As such, they are beneficiaries of the LICENSE BOND under

26    California Business and Professions Code ("Business and Professions Code") §§

27    7071.5(e), and 7071.11.

28       53.    Plaintiff timely submitted a claim to UNITED SURETY against the

-16-

564235.7

1   LICENSE BOND issued to EMPLOYER for unpaid MONTHLY CONTRIBUTIONS.

2        54.    Pursuant to the terms of the LICENSE BOND, and provisions of

3   California Business and Professions Code, UNITED SURETY is responsible for paying

4   up to the penal sum of said LICENSE BOND or at least $4,000.00 to the TRUST

5   FUNDS for the unpaid MONTHLY CONTRIBUTIONS owed on behalf of

6   EMPLOYER's employees.

7        55.    The AGREEMENTS and ERISA provide for recovery of TRUST FUNDS'

8   costs and attorney's fees; therefore, TRUST FUNDS are informed and believe that

9   UNITED SURETY is also responsible for payment of attorney's fees and costs incurred

10  by the TRUST FUNDS.

11

12       WHEREFORE, Plaintiff prays for judgment against EMPLOYER as follows:

13

14              **FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF**

15       A.     For the sum of $121,135.46 in delinquent fringe benefit Monthly

16  Contributions, as required by the Agreements and 29 U.S.C. §§ 1132(g)(2)(A).

17       B.     For $41,297.62 in interest through March 12, 2025 on the delinquent

18  Monthly Contributions at the rate of five percent above the variable prime rate set by

19  the Federal Reserve Board of San Francisco, California, plus such additional interest

20  that has or does hereafter accrue from March 12, 2025, as required by the Agreements

21  and 29 U.S.C. § 1132(g)(2)(B).

22       C.     For $227,819.07 in liquidated damages for delinquent Monthly

23  Contributions at, for each of the Trust Funds separately, the greater of 20% or $25, as

24  required by the Agreements and 29 U.S.C. § 1132(g)(2)(C).

25       D.     For $2,160.00 in audit fees, as required by the Agreements and 29 U.S.C. §

26  1132(g)(2)(E).

27       E.     For any additional amounts owed by EMPLOYER, including Monthly

28  Contributions, Sub Violations, Liquidated Damages, Audit Fees, Fees/Costs incurred by

564235.7

the TRUST FUNDS as a result of the submission of checks not honored by the bank

upon which they were drawn, and amounts owed as a result work performed by any

subcontractors of the EMPLOYER (or lower-tier subcontractors) determined to be due,

plus interest at the plan rate(s) currently 9.50% pursuant to the Agreements and 29

U.S.C. §§ 1132(g)(2) and 1145, according to proof at the time of trial and/or other

hearing.

       F.    For reasonable attorney fees and costs of suit as required by the

Agreements and 29 U.S.C. § 1132(g)(2)(D);

       G.    For such other and further relief as the Court deems proper, pursuant to any

authority of the Court, including but not limited to the authority established by 29

U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

## FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF

       A.    For unpaid MONTHLY CONTRIBUTIONS, interest at the plan rate(s)

and damages according to proof, owed by EMPLOYER and an accounting of all assets

of the TRUST FUNDS which have not been turned over to the TRUST FUNDS, and

any profits derived by EMPLOYER and/or PENNOR and/or VITTA therefrom;

       B.    For personal liability of EMPLOYER and/or PENNOR and/or VITTA for

their breaches of fiduciary duty, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a);

       C.    For reasonable attorneys' fees and costs of suit pursuant to the 502(g)(1) of

ERISA, 29 U.S.C. § 1132(g)(1); and

       D.    For such other and further relief as the Court deems proper and just,

pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## FOR PLAINTIFF 'S THIRD CLAIM FOR RELIEF

       A.    For the issuance of injunctive relief pursuant to the Agreements and 29

U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing

officers, managing employees, agents and successors, as well as all those in active

-18-

564235.7

concert or participation with any one or more of them, to deliver, or cause to be delivered to the TRUST FUNDS:

A.1.   Truthfully and accurately completed Monthly Report(s) commencing with the EMPLOYER'S June 2020 Monthly Report, to be timely paid and fully completed to indicate all hours of work performed by the EMPLOYER's employees for which fringe benefit contributions are due by the EMPLOYER and the corresponding amounts of fringe benefit contributions due by the EMPLOYER to the TRUST FUNDS, if any, or, if no such hours of work were performed for a given month, an indication on the report form of that fact.

A.2.   No later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

A.2(a). Truthfully and accurately completed Monthly Report(s) covering all of the EMPLOYER's accounts with the TRUST FUNDS, collectively identifying all persons for whom Monthly Contributions are owed to the TRUST FUNDS for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which Monthly Contributions are due;

A.2(b). An affidavit or declaration from the EMPLOYER attesting under penalty of perjury to the completeness, truthfulness and accuracy of each Monthly Report submitted; and

A.2(c). A cashier's check or checks made payable to the "Construction Laborers TRUST FUNDS for Southern California" totaling the full amount of Monthly Contributions due to the TRUST FUNDS for the previous month.

B.     For reasonable attorneys' fees and costs of suit, as required by the Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

C.     For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29

-19-

564235.7

1  U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

2

3  ### FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF

4      A.    For up to the penal sum of the LICENSE BOND, or at least $4,000.00 plus

5  interest at the rate or rates required by law, including California Labor Code § 218.6,

6  from the respective days the MONTHLY CONTRIBUTIONS, providing the basis for

7  the claim, became due.

8      B.    For reasonable attorneys' fees and costs.

9      C.    For such other relief that this Court deems appropriate.

10

11                  Respectfully Submitted,

12  DATED: March 20, 2025      ALEXANDER B. CVITAN,
                                NATALIA BAUTISTA, and
13                              MICHAEL BARTH, of
                                REICH, ADELL & CVITAN
14                              A Professional Law Corporation

15

16                  By:    */s/ Michael Barth*
17                          MICHAEL BARTH
                                Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

-20-

564235.7